UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

CHERYL G.,
Plaintiff,
v.
COMMISSIONER OF SOCIAL SECURITY,
Defendant.

Case No.: 3:26-cv-5513-DDL

**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS**

**[Dkt. No. 3]**

On September 25, 2026, Plaintiff Cheryl G. ("Plaintiff") initiated this action against the Commissioner of Social Security, seeking judicial review of a final adverse decision of the Commissioner. Dkt. No. 1. On that same day, Plaintiff filed an application to proceed in this matter *in forma pauperis* ("IFP"), which is presently before the Court. Dkt. No. 2.

This Court may "authorize the commencement . . . of any suit, action or proceeding, civil or criminal, without prepayment of fees or security therefor" by any person who demonstrates his or her inability to pay such fees. *See* 28 U.S.C. § 1915(a)(1). A party need not be completely destitute to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). Instead, "[a]n affidavit in support of an IFP application is

sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015) (citing *Adkins*, 335 U.S. at 339). "[A] plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness and certainty.'" *Id*. (citing *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir.1981)).

Plaintiff avers that she has been unemployed for the last two years. Dkt. No. 3 at 2. Plaintiff reports no income other than "[s]tudent loans and help from family" and EBT public-assistance, which total $1,038.00 per month. *Id*. at 1-2. Plaintiff states that she has no house, automobile or other assets. *Id*. at 3. Plaintiff further states that she has a bank account, but that she has no balance in either her savings or checking accounts. *Id*. Plaintiff states her monthly expenses, which include rent, utilities, food, laundry, and storage, total $1,038.00; equal to her monthly income. *Id*. at 4-5. Based upon the record before it, the Court finds that Plaintiff has adequately demonstrated that she lacks the financial resources to pay the filing fee. Accordingly, Plaintiff's Application to Proceed *in forma pauperis* [Dkt. No. 3] is **GRANTED**.

Where the Court grants a litigant permission to proceed *in forma pauperis*, it must also screen the complaint. *See* 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss an IFP complaint if it fails to state a claim upon which relief can be granted, is frivolous or malicious, or seeks monetary relief from a defendant who is immune. *See id*. Rule 2(b) of the Supplemental Rules for Social Security Actions sets forth additional pleading requirements for a Social Security complaint. *See* Fed. R. Civ. P. SUPP SS Rule 2(b)(1)(A)-(E). The Court has carefully reviewed Plaintiff's complaint and finds it satisfies these pleading requirements, states a plausible claim for relief, and is neither frivolous nor malicious. Accordingly, the Complaint survives screening, and the action may proceed.

/ / /

/ / /

/ / /

**IT IS SO ORDERED.**

Dated: September 28, 2026

Hon. David D. Leshner
United States Magistrate Judge